**TEXAS FARMERS INSURANCE COMPANY, Petitioner,**

v.

**Glen McGUIRE, et al., Respondents.**

**No. C–6311.**

Supreme Court of Texas.

Feb. 10, 1988.

Dewey J. Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for petitioner.

Dale Dowell, Rienstra, Dowell & Flatten, Beaumont, for respondents.

## OPINION ON REHEARING

MAUZY, Justice.

Our opinion of October 21, 1987 is withdrawn and the following is substituted.

This is a suit on an insurance policy. The insurer, Texas Farmers Insurance Company, denied coverage. The insured, Glen McGuire, sued for breach of contract; he also alleged violations of the Texas Deceptive Trade Practices—Consumer Protection Act and the Texas Insurance Code. Based on a jury verdict, the trial court rendered judgment in favor of Texas Farmers. In a per curiam opinion, the court of appeals reversed, rendered judgment in favor of McGuire, and awarded treble damages. 727 S.W.2d 1 (1987). We reverse the judgment of the court of appeals and affirm that of the trial court.

Glen McGuire was involved in an automobile accident while driving a truck owned by his employer. He promptly contacted his personal insurance agent who reported the loss to the insurer, Texas Farmers. James Bearden, a claims representative for Texas Farmers, contacted McGuire by telephone and took a recorded statement. From this initial statement, Bearden learned that McGuire was driving one of his employer's trucks rather than one of his own. This information raised a question of coverage under the policy.

A few days later, Bearden mailed McGuire a non-waiver agreement which McGuire signed and returned. Bearden then contacted McGuire again and obtained a second statement. McGuire's second statement provided Texas Farmers with the information it needed to solidify its own defense of noncoverage under the policy. A couple of months later, Texas Farmers notified McGuire that the policy would not provide coverage.

Eventually, McGuire was sued by the occupants of the other car involved in the accident. At this point, Texas Farmers sent a reservation of rights letter to McGuire advising him that the policy might not afford coverage, that it would defend the lawsuit without waiving any of its rights, and that McGuire was at liberty to engage counsel of his own choice at his own expense. A judgment of $12,547.55 was ultimately rendered against McGuire. Texas Farmers refused to satisfy the judgment on the ground of noncoverage.

It is clear that the insurance policy did not provide coverage for McGuire's regular use of his employer's truck. McGuire does not contest this determination of noncoverage under the policy. However, McGuire argues that Texas Farmers was estopped to deny coverage because Bearden had failed to advise McGuire to obtain another attorney before securing his second statement. The court of appeals adopted McGuire's argument, relying on *Employers Casualty Company v. Tilley*, 496 S.W. 2d 552 (Tex.1973).

We hold that the court of appeals erred in applying the estoppel rule of *Tilley* to the facts of this case. The doctrine of estoppel cannot be used to create insurance

coverage when none exists by the terms of the policy.[1]  *Washington Nat. Ins. Co. v. Craddock,* 130 Tex. 251, 109 S.W.2d 165 (1937).

> Waiver and estoppel may operate to avoid a forfeiture of a policy, but they have consistently been denied operative force to change, re-write and enlarge the risks covered by a policy.  In other words, waiver and estoppel cannot create a new and different contract with respect to risks covered by the policy.

*Great American Reserve Insurance Co. v. Mitchell,* 335 S.W.2d 707 (Tex.Civ.App.—San Antonio 1960, writ ref'd).  In *Tilley,* the insurer was estopped by the actions of its attorney from asserting that the insured had forfeited policy coverage because of late notice.  The case at hand does not involve a forfeiture; instead, it involves a question of risk coverage under the contract.  Because Texas Farmers' action cannot estop it from relying on the limitations of risk coverage set forth in the contract, it is not responsible for the judgment against McGuire.

The court of appeals also determined that Bearden's acts were misleading and deceptive in violation of both the Texas Deceptive Trade Practices—Consumer Protection Act and the Texas Insurance Code.  TEX.BUS. & COM.CODE ANN. § 17.46; TEX.INS.CODE ANN. art. 21.21, § 16.  What is particularly troubling about the court's determination is that it did not even attempt to apply the appropriate standard of review for "no evidence" type points.  Instead, the court of appeals simply substituted its own conclusions for the findings of the jury.

■ There were thirty-eight issues submitted to the jury; all but one were McGuire's requested issues.  The jury refused to find that Texas Farmers failed to disclose the potential conflict before getting McGuire's second statement; but it did find that Texas Farmers failed to disclose to McGuire that he should consider employing another attorney.  However, the jury then *refused* to find all of the following: (1) that such failure constituted a heedless and reckless disregard for McGuire's rights; (2) that such failure constituted an unfair practice in the business of insurance; (3) that such failure constituted an unconscionable action or course of action; (4) that such failure was committed knowingly; (5) that Texas Farmers represented to McGuire that its policy had characteristics, ingredients, benefits or qualities which it did not have; (6) that Texas Farmers failed to deal fairly and in good faith with McGuire; (7) that Texas Farmers failed to make such disclosure with the intent that McGuire rely on it when giving his second statement.  McGuire failed to carry his burden of persuasion on these issues.

Our Texas Constitution expressly recognizes the sanctity of the right of trial by jury by providing that this right "shall remain inviolate."  TEX. CONST. art. I, § 15.  We reverse the judgment of the court of appeals and affirm the judgment of the trial court.  Motion for rehearing is overruled.

PHILLIPS, C.J., and CULVER, J., not sitting.

**1.**  A court of appeals has held that there is an exception to this general rule.  If an insurer, with knowledge of facts indicating noncoverage, assumes or continues the defense of its insured without obtaining a non-waiver agreement or a reservation of rights, it waives all policy defenses, including those of noncoverage, or it may be estopped from raising them.  *Farmers Texas County Mutual Insurance Company v. Wilkinson,* 601 S.W.2d 520 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).  Because this exception is not outcome-determinative in this case, we need not discuss it.