



# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-95-01259-CV

LEMKE CONCRETE CONSTRUCTION, Appellant

V.

EMPLOYERS MUTUAL CASUALTY COMPANY, UNION MUTUAL INSURANCE COMPANY OF PROVIDENCE, AND EMCASCO INSURANCE COMPANY, Appellees

Appeal from the 298th District Court of Dallas County, Texas. (Tr.Ct.No. 93-7343-M).

Opinion delivered by Justice Lagarde, Justices Wright and Bridges participating.

## JUDGMENT

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees Employers Mutual Casualty Company, Union Mutual Insurance Company of Providence, and Emcasco Insurance Company recover their costs of this appeal from appellant Lemke Concrete Construction and from Universal Surety of America as surety on appellant's cost bond.

Judgment entered February 26, 1997.


SUE LAGARDE
JUSTICE

**AFFIRMED and Opinion Filed February 26, 1997**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-95-01259-CV

---

### LEMKE CONCRETE CONSTRUCTION, Appellant

V.

### EMPLOYERS MUTUAL CASUALTY COMPANY, UNION MUTUAL INSURANCE COMPANY OF PROVIDENCE, AND EMCASCO INSURANCE COMPANY

---

On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 93-7343-M

---

## O P I N I O N

Before Justices Lagarde, Wright, and Bridges[1]
Opinion By Justice Lagarde

Lemke Concrete Construction Company appeals from the trial court's grant of

summary judgment in favor of Employers Mutual Casualty Company, Union Mutual

Insurance Company of Providence, and Emcasco Insurance Company (collectively, the

---

[1] The Honorable Joseph W., Wolfe, Justice, was a member of the original panel and participated in the submission of this case. The Honorable David L. Bridges, Justice, succeeding the Honorable Joseph W. Wolfe effective January 1, 1997, has reviewed the record before the Court in this appeal.

carriers). In seven points of error, Lemke contends that the trial court erred in granting summary judgment in favor of the carriers because material questions of fact existed as to whether the carriers a) breached their contracts with Lemke; b) breached their duty to deal fairly and in good faith with Lemke; c) were negligent in (i) failing to reasonably attempt to settle, (ii) failing to reasonably attempt to obtain a general release of Lemke, (iii) failing to defend Lemke, and (iv) failing to take other reasonable steps necessary to protect Lemke's interest; d) violated provisions of the Texas Deceptive Trade Practices-Consumer Protection Act and article 21.21 of the Texas Insurance Code and the rules and regulations issued by the Texas State Board of Insurance; and e) are vicariously liable to Lemke for the actionable conduct of defendants Robinson and Patterson, Lamberty, Stanford, Walls, & Dwyer, P.C. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The carriers insured Lemke under the Texas Workers' Compensation Act. *See* TEX. LAB. CODE ANN. § 415.002(a)(8) (Vernon 1996). Jesus Gonzalez, Lemke's employee, filed a workers' compensation claim. Subsequently, Gonzalez notified Lemke that he would assert a claim against Lemke for retaliatory discharge.[2] The carriers defended the workers'

---

[2] Lemke's brief states:

On July 24, 1991, [a]ppellees notified Lemke of their receipt of Gonzalez's wrongful termination claims [Tr 31]. In that letter, [a]ppellees acknowledged to Lemke that "Employers Mutual Casualty Company is representing Lemke Concrete Construction in that compensation matter." [Tr 31-32]. Appellees further stated that, "the workers compensation carrier would not be responsible for any judgment that Mr. Gonzalez should recover as a result of this alleged dismissal." However, such letter did not state that [a]ppellees would not defend against such claims, nor did [a]ppellees indicate it would not consider Lemke's interests and take reasonable steps to protect Lemke's interests on that claim while handling the Workers Compensation Lawsuit

compensation claim and reached a settlement with Gonzalez. The settlement did not address Gonzalez's retaliatory discharge claim. The carriers did not notify Lemke of the settlement. On August 5, 1992, the trial court entered an agreed judgment in accord with the settlement agreement.

On August 7, 1992, Gonzalez sued Lemke, alleging that Lemke wrongfully discharged him on August 22, 1990 in retaliation for filing the workers' compensation claim. On October 28, 1992, the carriers sent Lemke a letter denying coverage of the wrongful discharge claim. Lemke incurred attorneys' fees of $6,988.30 in providing its own defense on the wrongful discharge suit, which it ultimately settled with Gonzalez for $7,500.

Thereafter, Lemke brought this suit against the carriers, alleging breach of contract, negligence, intentional tort, breach of warranty, breach of fiduciary duty, breach of duty of good faith and fair dealing, violation of the DTPA, and violation of the Texas Insurance Code. Lemke also alleged that the carriers were vicariously liable for the actions of their attorney in settling only the worker's compensation claim. All of Lemke's claims were predicated on the carriers' failure to defend Lemke in the wrongful discharge suit and failure to notify Lemke of the negotiations and settlement of the workers' compensation claim.

The carriers answered with general denials to all allegations and with special

---

[Tr. 32]. In fact, the statement that [a]ppellees were representing Lemke clearly and unambiguously implied the contrary.

Lemke's record references are to that portion of the transcript containing Lemke's first original amended petition. Lemke did not attach a copy of the letter to its petition, and the record on appeal does not contain a copy of the letter.

exceptions to Lemke's allegations of breach of contract, violation of the DTPA, and violation of the Texas Insurance Code. The carriers moved for summary judgment, claiming that the policies in question covered only workers' compensation, not wrongful discharge; consequently, they owed no duty to Lemke in the wrongful discharge suit. The carriers argued that their duty of good faith and fair dealing to Gonzalez in the workers' compensation case prevented them from securing a release of any other claims Gonzalez might have against Lemke. The carriers offered as summary judgment evidence Lemke's responses to their requests for admissions, the policies, Gonzalez's petitions against the carriers and against Lemke, and all pleadings and discovery on file.

Lemke responded, contending: there was coverage; a lack of coverage would not negate the carriers' duty of good faith and fair dealing; the carriers' duty of good faith and fair dealing to Gonzalez in no way negated their general duty of good faith owed to Lemke as their insured; and the carriers' motion for summary judgment did not address their vicarious liability claim for breach of fiduciary duty against the settlement attorney. Lemke offered no evidence in support of its response, relying instead on its first amended petition.

The trial court granted the carriers summary judgment on all of Lemke's claims and severed Lemke's cause of action against the settlement attorney and his firm. This appeal followed.

## SUMMARY JUDGMENT

In its first point of error, Lemke argues that the carriers did not meet the standard

of proof necessary to support summary judgment. Lemke contends that the carriers' failure to produce evidence to support their motion for summary judgment renders all uncontroverted facts in Lemke's first amended original petition admitted as true. Lemke further asserts that summary judgment may be affirmed only on the argument presented in the motion for summary judgment.

The carriers argue that the narrow exception to the summary judgment burden of proof rules upon which Lemke relies is inapplicable to this case because the carriers did not move for summary judgment based on Lemke's failure to state a cause of action. Instead, the carriers assert, they submitted evidence that negated a fact essential to Lemke's theories of recovery; therefore, the general rule that pleadings are not competent summary judgment evidence applies. The carriers contend that Lemke, as the nonmovant, failed in its burden to raise a genuine issue of material fact.

## Standard of Review

The standards for reviewing a summary judgment are:

1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3.  Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *Montgomery*

*v. Kennedy*, 669 S.W.2d 309, 310-11 (Tex. 1984); *Wilcox v. St. Mary's Univ. of San Antonio, Inc.*, 531 S.W.2d 589, 592-93 (Tex. 1975).

A summary judgment cannot be affirmed on a ground not specifically presented in the motion for summary judgment. *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex. 1992). The motion must state with specificity the grounds upon which the movant is relying. TEX. R. CIV. P. 166a(c). Stating grounds with specificity defines the issues and gives the nonmovant adequate notice for opposing the motion. *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978). To prevail on a motion for summary judgment, a defendant-movant is required to meet the plaintiff's causes of action as they are pleaded, and to demonstrate that the plaintiff cannot prevail. *Cook v. Brundidge, Fountain, Elliot & Churchill*, 533 S.W.2d 751, 759 (Tex. 1976). If the nonmovant does not allege a theory of recovery in its live pleading, mentions a new theory for the first time in its response to the motion for summary judgment, and does not amend its pleadings to include this additional theory of recovery, the new and additional theory of recovery is not properly at issue before the trial court when the trial court rules on the motion for summary judgment. *See Jones v. Wal-Mart Stores, Inc.*, 893 S.W.2d 144, 147 (Tex. App.--Houston [1st Dist.] 1995, no writ).

When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *See Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, 852 (Tex. Civ. App.--Amarillo 1979, no writ). A defendant

who moves for summary judgment must show as a matter of law that the plaintiff has no cause of action against it. *Citizens First Nat'l Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex. 1976); *Jones v. Texas Pac. Indem. Co.*, 853 S.W.2d 791, 794 (Tex. App.--Dallas 1993, no writ).

Once the defendant establishes that a plaintiff cannot prevail as a matter of law, the burden shifts to the plaintiff to respond to the defendant's motion. *Jones*, 853 S.W.2d at 794. The plaintiff can defeat the motion by conceding that the material facts are undisputed, but convincing the court that the defendant's legal position is unsound. *See Estate of Devitt*, 758 S.W.2d 601, 602 (Tex. App.--Amarillo 1988, writ denied). Pleadings, however, are not considered in determining whether fact issues are expressly presented in summary judgment motions. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)

### Applicable Law

Pleadings themselves, even if verified, do not constitute summary judgment evidence. *Id.*; *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971). However, a trial court may properly grant summary judgment based on the pleadings alone, without supporting or negating evidence, when the plaintiff's allegations cannot constitute a cause of action as a matter of law. *See Hidalgo*, 462 S.W.2d at 543 n.1; *see, e.g., Perser v. City of Arlington*, 738 S.W.2d 783, 784 (Tex. App.--Fort Worth 1987, writ denied) (suit based on gambling debt). In such cases, summary judgment does not rest on proof supplied by

-7-

pleading, but on deficiencies in the opposing pleading. *Hidalgo*, 462 S.W.2d at 543 n.1. A review of the pleadings in such a case is *de novo*, with the reviewing court taking all allegations, facts, and inferences in the pleadings as true and viewing them in the light most favorable to the pleader. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

## Application of Law to Facts

Lemke contends that the carriers failed to produce evidence to support their motion for summary judgment, rendering all uncontroverted facts in Lemke's first amended original petition admitted as true.[3] Lemke's contention fails because the carriers did offer evidence to support their motion for summary judgment. The evidence consisted of Lemke's responses to their requests for admissions, the policies, Gonzalez's petitions against both the carriers and Lemke, and all pleadings and discovery on file. Therefore, all uncontroverted facts in Lemke's first amended original petition are not admitted as true. Instead, we review the motion for summary judgment under the *Nixon* criteria earlier set out in this opinion.

---

[3] Lemke's brief contains the following discussion:

Summary judgment may be based upon the pleadings alone when the petition fails to state a cause of action. *Professional Ass'n of College Educators v. El Paso County Community College Dist.*, 678 S.W.2d 94, 96 (Tex. App.--El Paso 1984). In such a case, supporting proof is not necessary. *Id.*; *Chandler v. Gillis*, 589 S.W.2d 552 (Tex. Civ. App.--El Paso 1979, writ ref'd n.r.e.). In such a case, the court takes as true every allegation of the pleading against which the motion is directed. *Professional Ass'n of College Educators v. El Paso County Community College Dist.*, 678 S.W.2d 94, 96 (Tex. App.--El Paso 1984); *Wood Truck Leasing, Inc. v. American Automobile Insurance Co.*, 526 S.W.2d 223 (Tex. Civ. App.--San Antonio 1975, no writ). When a motion for summary judgment is directed solely to the nonmovant's petition and is not supported by affidavits, depositions, or other summary judgment evidence, the factual allegations of the petition are admitted as true. *See Abbott v. City of Kaufman*, 717 S.W.2d 927, 929 (Tex. App.--Tyler 1986); *Garcia v. Fabela*, 673 S.W.2d 933, 934-35 (Tex. App.--San Antonio 1984); *Labbe v. Carr*, 369 S.W.2d 952 (Tex. Civ. App.--San Antonio 1963, writ ref'd n.r.e.).

Because these cases all discuss summary judgments based on legally insufficient pleadings, Lemke's reliance on them in this case of summary judgment based on evidence is misplaced.

-8-

*See Nixon*, 690 S.W.2d at 548-49.

Lemke correctly asserts that summary judgment may be affirmed only on the grounds presented in the motion for summary judgment. Lemke pleaded a cause of action for liability based only on coverage. The carriers moved for summary judgment based on noncoverage and, thus, no liability. Lemke's response in opposition to the motion for summary judgment contended, for the first time, that the carriers could be liable despite noncoverage. Lemke did not amend or supplement its pleadings to address this new and separate noncoverage claim. Consequently, the issue of noncoverage liability was not properly at issue before the trial court when the trial court granted the carriers' motion for summary judgment. *See Jones*, 893 S.W.2d at 147.

As the defendants and movants for summary judgment, the carriers could prevail by showing that Lemke had no cause of action as a matter of law or by conclusively negating coverage, a required element of plaintiff's case. As evidence, the carriers offered Lemke's responses to their requests for admissions, the policies, Gonzalez's petitions against both the carriers and against Lemke, and all pleadings and discovery on file. The burden then shifted to Lemke to present evidence to create a fact question on the issue of coverage or to convince the court that the carriers' legal position was unsound. We conclude that Lemke neither presented evidence that created a fact issue on the issue of coverage nor convinced the court that the carriers's legal position was unsound. We overrule Lemke's first point of error.

## BREACH OF CONTRACT

In its second point of error, Lemke argues that the trial court erred in granting the carriers summary judgment because material questions of fact exist about whether the carriers breached their contracts with Lemke.

The appellant has the burden on appeal of presenting "such discussion of facts and the authorities relied upon as may be requisite to maintain the point at issue." TEX. R. APP. P. 74(f). Otherwise, the appellant has waived the point of error. *See New York Underwriters Ins. v. State Farm Mut. Auto. Ins.*, 856 S.W.2d 194, 204 (Tex. App.--Dallas 1993, no writ); *D/FW Commercial Roofing v. Mehra*, 854 S.W.2d 182, 189 (Tex. App.--Dallas 1993, no writ).

Lemke provides no arguments or authorities for its second point of error. Because of this omission, Lemke has waived this point of error. Moreover, Lemke conceded at oral argument that the wrongful discharge claim was not covered by the policies. *See Missouri-Kansas-Texas R.R. v. Heritage Cablevision*, 783 S.W.2d 273, 277 (Tex. App.--Dallas 1989, no writ) (when a party concedes a point of error at oral argument, the court of appeals may refuse to consider the point). We overrule Lemke's second point of error.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

In its third point of error, Lemke argues that the trial court erred in granting the carriers summary judgment because material questions of fact existed about whether the carriers breached their duty to deal fairly and in good faith with Lemke. Lemke argues that

an insured can recover for negligence, unfair insurance practices, and breach of the duty of good faith and fair dealing even when there is no coverage because the policies do not bar liability for unfair claims denial. Lemke argues that the carriers had a duty of good faith and fair dealing not from the policies, but from a special trust relationship. Lemke further asserts that a carrier has a good faith duty to obtain general releases when settling claims rather than special releases linked to coverage. Lemke argues that the carriers had a duty to notify Lemke of any offer to compromise or settle. Lemke admits, however, that the law on which he relies was not in effect when this claim arose. *See* TEX. INS. CODE ANN. art. 21.56 historical note (Vernon Supp. 1997) [Act of 1991, 72nd Leg., R.S., ch. 242, § 11.03(a), eff. Sept. 1, 1991]. Lemke asserts, however, that the carriers had a duty to seek the broadest release possible, not just a release of the carriers. Lemke contends that the carriers were negligent and acted in bad faith because they did not protect Lemke's interests. Lemke argues that because a bad faith claim is independent of a policy claim, an insured may recover for bad faith denial of a claim even if the claim is not covered by the policy. Lemke further asserts that the carriers are estopped from denying their duty to defend Lemke.

The carriers argue that bad faith exists only when there is no reasonable basis to deny or delay payment of a claim; that noncoverage is a reasonable basis to deny a claim; that an insurance company does not act in bad faith when it properly denies a claim that is not covered; and that Lemke did not plead estoppel, did not present any summary judgment

evidence to raise estoppel, and coverage cannot be created by estoppel.

## Applicable Law

An insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of claims. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). A breach of the duty of good faith and fair dealing is established when there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim. *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988). Whether there is a reasonable basis for denial of a claim must be judged by the facts before the insurer at the time the claim was denied. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995). A bad faith claim is independent of a policy claim. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994). As a general rule, there can be no claim for bad faith when an insurer has promptly denied a claim that is not covered. *Republic*, 903 S.W.2d at 341.[4]

The doctrine of estoppel cannot be used to create insurance coverage when none

---

[4] In *Republic*, however, the supreme court left open the possibility that lack of coverage may not necessarily preclude a cause of action independent of the policy claim, stating, "[w]e do not exclude, however, the possibility that in denying the claim, the insurer may commit some act, so extreme, that would cause injury independent of the policy claim." *See Republic*, 903 S.W.2d at 341 (citing *Aranda*, 748 S.W.2d at 213). Because Lemke does not argue that the insurance companies committed some extreme act that caused injury independent of the policy claim, this exception does not apply in this case. TEX. R. APP. P. 74(f).

exists by the terms of the policy.[5] *Texas Farmers Ins. v. McGuire*, 744 S.W.2d 601, 602-603 (Tex. 1988). Waiver and estoppel may operate to avoid a forfeiture of a policy, but they have consistently been denied operative force to change, re-write, and enlarge the risks covered by a policy. *Id.* at 603. Waiver and estoppel cannot create a new and different contract with respect to risks covered by the policy. *Id.*

## Application of Law to the Facts

Lemke argues that because a bad faith claim is independent of a policy claim, that an insured may recover for bad faith denial of a claim even if the claim is not covered by the policy. Lemke correctly argues that a bad faith claim is independent of a policy claim. However, Lemke's conclusion that an insured may recover for bad faith denial of a claim that is not covered by the policy does not necessarily follow. The carriers properly denied coverage of Gonzalez's wrongful discharge claim against Lemke. Without coverage, Lemke's claim that the carriers acted in bad faith is meritless.

Lemke's claim of estoppel also fails. This case does not involve forfeiture; instead, it involves a question of risk coverage under the contract. The doctrine of estoppel will not broaden the terms of the policy. Because the carriers properly relied on the limitations of risk coverage set forth in the contract, they are not responsible for Gonzalez's wrongful

---

[5] This general rule has one exception. If an insurer, with knowledge of facts indicating noncoverage, assumes or continues the defense of its insured without obtaining a nonwaiver agreement or a reservation of rights, it waives all policy defenses, including those of noncoverage, or it may be estopped from raising them. *See Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520, 521-22 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.). Because the insurance companies in this case did not assume or continue the defense of Lemke, this exception does not apply.

discharge judgment against Lemke. The trial court correctly denied Lemke's claim that the carriers are estopped from denying coverage. We overrule Lemke's third point of error.

## NEGLIGENT FAILURE TO SETTLE, OBTAIN RELEASE, DEFEND

In its fourth point of error, Lemke argues that the trial court erred in granting summary judgment in favor of the carriers because material questions of fact exist about whether the carriers were negligent in failing to (i) reasonably attempt to settle, (ii) reasonably attempt to obtain a general release from Gonzalez, (iii) defend Lemke, and (iv) take other reasonable steps necessary to protect Lemke's interest. Lemke further contends that the carriers negligently misrepresented that Robinson represented Lemke.

The carriers argue that Lemke is not responsible for workers' compensation benefits and is not a proper party in a suit seeking these benefits. The carriers contend that because of noncoverage, they had no duty to settle Gonzalez's retaliatory discharge claim against Lemke; they only had a duty to settle the workers' compensation claim; and they owed a duty of good faith and fair dealing in the settlement of the workers' compensation claim only to Gonzalez, not to Lemke. They argue that their duty to Gonzalez neither requires nor allows a negotiated release of uncovered claims when settling covered claims.

### Applicable Law

In this case, as in many cases, the interests of the injured worker and the interests of the employer are not the same. In 1992, when Gonzalez sued Lemke for wrongful discharge, it was deemed unethical or fraudulent conduct for an insurance carrier to allow

an employer to dictate the methods by which and the terms on which a claim was handled and settled. 28 TEX. ADMIN. CODE § 65.10(1)(I) (West 1996) (Tex. Workers' Compensation Comm'n).[6]

When confronted with a defendant's motion for summary judgment that the plaintiff take nothing, the plaintiff can defeat summary judgment by presenting evidence that creates a fact question on those elements of the plaintiff's case that the defendant attacks. *American Med. Elecs., Inc. v. Korn*, 819 S.W.2d 573, 576 (Tex. App.--Dallas 1991, writ denied). However, pleadings themselves, even verified, do not constitute summary judgment evidence. *Clear Creek*, 589 S.W.2d at 678.

### Application of Law to Facts

The carriers deny that they offered to defend Lemke in the wrongful discharge claim because they were prohibited by rule from doing so. Lemke relies on a letter from Robinson, contending that the letter "represented to Lemke that Robinson was representing Lemke as to Gonzalez's claims against Lemke." This letter is not in the summary judgment evidence before us. Lemke had the burden to present evidence to create a fact issue about whether any additional duties existed. Lemke did not meet this burden. Lemke contends that because the pleadings contain statements about the letter, we must accept the pleadings as facts. However, Lemke's pleadings are not summary judgment evidence. We overrule

---

[6] The legislature subsequently enacted this regulation into statutory law, making a carrier guilty of an administrative violation if it allows an employer, other than a self-insured employer, to dictate the methods by which and the terms on which a claim is handled. TEX. LABOR CODE ANN. § 415.002(a)(8) (Vernon 1996).

-15-

Lemke's fourth point of error.

## DTPA, INSURANCE CODE VIOLATIONS, AND VICARIOUS LIABILITY

In its fifth, sixth, and seventh points of error, Lemke argues that the trial court erred in granting the carriers summary judgment because material questions of fact existed about whether the carriers violated provisions of the DTPA and the insurance code and about whether the carriers are vicariously liable to Lemke for the actionable conduct of defendants Robinson and his law firm. Lemke argues that the carriers' motion for summary judgment was based only on noncoverage and did not address violations of the DTPA, violations of the Texas Insurance Code, or vicarious liability, thus, summary judgment on these claims was improper. The carriers argue that all of Lemke's claims depend on coverage.

### Applicable Law

A party may not be granted relief in the absence of pleadings to support that relief. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). A judgment must be supported by the pleadings and, if not so supported, it is erroneous. *City of Fort Worth v. Gause*, 129 Tex. 25, 29, 101 S.W.2d 221, 223 (1937). The judgment shall conform to the pleadings. TEX. R. CIV. P. 301. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a.

### Application of Law to Facts

Lemke pleaded claims based only on coverage. Thus, neither the carriers' motion

for summary judgment nor the trial court's grant of summary judgment addressed violations of the DTPA, violations of the Texas Insurance Code, or vicarious liability. Summary judgment was predicated only on noncoverage because Lemke's pleadings were predicated only on coverage. Lemke conceded the issue of coverage at oral argument. We overrule Lemke's fifth, sixth, and seventh points of error.

## CONCLUSION

We hold that the trial court properly granted summary judgment in favor of Employers Mutual Casualty Company, Union Mutual Insurance Company of Providence, and Emcasco Insurance Company. We affirm the trial court's judgment.

SUE LAGARDE
JUSTICE

Do Not Publish
Tex. R. App. P. 901
951259F.U05

-17-