Opinion issued April 26, 2007



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00874-CV




ROTATING SERVICES INDUSTRIES, INC., Appellant

V.

SUE HARRIS D/B/A THE HARRIS AGENCY & NATIONWIDE
INSURANCE COMPANY, Appellees




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2002-58721




O P I N I O N
          The trial court resolved competing claims to proceeds of a life-insurance policy
by rendering summary judgment in favor of appellees, Sue Harris d/b/a The Harris
Agency and Nationwide Life Insurance Company, which had paid the proceeds to the
widow of the insured, Kent A. Weightman, the owner of the policy, pursuant to a
change-of-beneficiary designation submitted to, recorded by, and confirmed by
Nationwide. The single issue of appellant, Rotating Services Industries, Inc.,
challenges Weightman’s widow’s right to the proceeds, on the grounds that an earlier
change-of-beneficiary designation controls. We affirm.
Facts and Procedural Background
          At age 44, Weightman applied for a Nationwide life policy through the Harris
Agency. Weightman identified himself in the application as a 24-year employee and
manager of Rotating Services, a turbine-repair business. Weightman named his
“business partner,” Michael Fruger, the “irrevocable” beneficiary of the policy.


 
Weightman did not name a contingent beneficiary. On October 28, 1997, Nationwide
issued to Weightman a $100,000 “level-term to age 70” life policy, with an initial
annual premium of $502.00. The policy identified Weightman as owner and named
insured. 
          By operation of the “Owner and Beneficiary Provisions” of the policy, which
identify the beneficiary and any contingent beneficiaries as those “named in the
application,” Fruger was the sole beneficiary and, also, by Weightman’s handwritten
notation, an irrevocable beneficiary. Both designations were subject to change,
however, pursuant to provisions of the policy that authorized Weightman to change
the designated beneficiary, provided that “[a]ny change” of beneficiary “be in a
written form satisfactory to [Nationwide] and recorded” at its home office.
          During the first year that the policy was in force, Nelda Perez Leal became the
owner and principal of the turbine-repair business. On October 29, 1998, the first day
after the anniversary date of the policy, Weightman signed a Nationwide form
requesting that the beneficiary of his policy be changed to “Rotating Services
Industries, Inc.” (hereinafter Rotating Services). Leal added her signature as witness,
and the change-of-beneficiary form was transmitted to Nationwide. A boxed caption
on the face of the form states, “Please read instructions on reverse side,” but the
summary judgment record contains only this single page of the application. 
          On January 31, 2000, a Nationwide representative issued a notice to
Weightman, which reads in part as follows: 
A recent review of our records revealed that we received a change of
beneficiary request in 1998 which was not processed. 
 
We are unable to process the requested change as Michael Fruger is
listed as the irrevocable beneficiary on our records and his signature is
required to make any changes. Please complete the attached form and
return it to us, with one copy of this letter, in the enclosed pre-addressed
envelope. We will change the beneficiary designations once the forms
are received and attested in our office. 
 
Upon acceptance of the change, confirmation will be sent to you for
your policy records.

Along with this notice, Nationwide forwarded to Weightman a form captioned
“Application for Change of Beneficiary Designation.” This form had been partially
completed by Nationwide with the typewritten names and personal identification
information for Weightman’s wife, as the proposed beneficiary, and his two children,
as the proposed contingent beneficiaries, as well as Weightman’s name, as the owner
of the policy, and Fruger’s name, as the then designated irrevocable beneficiary. 
Instructions referenced in and attached to the form stated that the application revoked
“ALL previous beneficiaries” and that the signatures of Weightman, as insured and
owner, and of Fruger, as irrevocable beneficiary, were required to effect the change
of beneficiary from Fruger to Weightman’s wife, as primary beneficiary, and his
children, as contingent beneficiaries. 
          Weightman did not execute the partially completed form that accompanied the
January 31, 2000 correspondence from Nationwide, but signed a Nationwide change-of-beneficiary form on July 27, 2000, in which he designated his wife as primary
beneficiary and his two children as contingent beneficiaries. In accordance with
instructions that accompanied the January 31, 2000 correspondence from Nationwide,
this change-of-beneficiary form included the signature of Fruger, the “irrevocable”
beneficiary designated in Weightman’s 1997 application.


 A Nationwide
“Beneficiary Report,” dated August 15, 2000, recorded the requested changes of
beneficiaries, and correspondence to Weightman of the same date confirmed the
changes. 
          Weightman died on February 19, 2001. On March 27, 2001, his widow filed
a request for payment of the life policy proceeds, which Nationwide issued on April
11, 2001. 
          On November 14, 2002, Rotating Services sued Nationwide and Harris,
claiming that it was entitled to the proceeds of the policy because Nationwide and
Harris “never completed” the 1998 change of beneficiary in favor of Rotating
Services and because the 2000 change of beneficiary was “clearly forged.” Rotating
Services’ live pleadings allege that Nationwide and Harris committed deceptive trade
practices, negligence, bad faith, and breach of contract. Rotating Services also
claimed that it could recover as a third-party beneficiary to the insurance-policy
contract and that Nationwide was estopped to deny Rotating Services’ right to the
policy proceeds.
          Nationwide and Harris filed a joint motion asserting no-evidence and
traditional grounds for summary judgment. In support of their traditional motion,
Nationwide and Harris provided documentary evidence, consisting of authenticated
exhibits that tracked the Weightman policy from application through issuance of the
death-benefit check paid to his widow, as set out above.


 The documentary evidence
included the 1998 single-page application to change the beneficiary to Rotating
Services. Rotating Services responded and moved for continuance, to which
Nationwide and Harris filed a reply. Rotating Services filed an amended response
that included a cross-motion for summary judgment, to which Nationwide and Harris
filed an additional reply.


 Rotating Services then filed an amended petition, after
which the trial court rendered summary judgment.
Standard of Review—Traditional Summary JudgmentWe review summary judgments de novo. Provident Life & Accident Ins. Co.
v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). The well-settled principles that control
review of summary judgments apply to cases seeking insurance coverage. Hanson
v. Republic Ins. Co., 5 S.W.3d 324, 327 (Tex. App.—Houston [1st Dist.] 1999, pet.
denied). As the movants for traditional summary-judgment, therefore, Nationwide
and Harris had to conclusively establish their right to summary judgment as a matter
of law. See Tex. R. Civ. P. 166a(c); Havlen v. McDougall, 22 S.W.3d 343, 345 (Tex.
2000). To prevail by traditional summary judgment against Rotating Services,
Nationwide and Harris had to defeat at least one essential element of each of Rotating
Services’ causes of action. See Little v. Tex. Dep’t of Criminal Justice, 148 S.W.3d
374, 381 (Tex. 2004). Once the movant establishes that it is entitled to summary
judgment, the non-movant can defeat that showing only by producing evidence that
raises a genuine issue of material fact. Tex. R. Civ. P. 166a(c); Walker v. Harris, 924
S.W.2d 375, 377 (Tex. 1996). 
          In reviewing a summary judgment, we assume that all evidence that favors the
non-movant, here Rotating Services, is true, and we indulge every reasonable
inference and resolve any reasonable doubt in the non-movant’s favor. See Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Walker, 924 S.W.2d
at 377. Because the trial court did not state the grounds on which it rendered
summary judgment, we may affirm on any meritorious theory on which Nationwide
and Harris relied to defeat Rotating Services’ claims. See Joe v. Two Thirty-Nine
Joint Venture, 145 S.W.3d 150, 156–57 (Tex. 2004). 
 

Payment of Life-Policy Proceeds to Designated Beneficiary
A.      No Vested Beneficiary Rights Arose until Weightman Died
          The policy that insured Weightman’s life was a contract between him and
Nationwide. See Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691, 692 (Tex. 1994). 
Despite the initial, handwritten designation of Fruger as irrevocable beneficiary, it is
undisputed that the terms of the policy granted Weightman a continuing right to
change any designated beneficiary. A beneficiary named under a life-insurance
policy has no standing to recover under the policy unless his interest has vested. See
Cates v. Cincinnati Life Ins. Co., 947 S.W.2d 608, 614 (Tex. App.—Texarkana 1997,
no writ), op. on remand from 927 S.W.2d 623 (Tex. 1996). As explained in Cates,
settled Texas law holds that a named beneficiary has no vested interest in the policy
proceeds unless one of the following conditions occurs: (1) a contract—separate
from the policy itself—proscribes any change in the designation of the beneficiary,
id.; see O’Neill v. Conn. Mut. Life Ins. Co., 544 S.W.2d 741, 744 (Tex. Civ.
App.—Houston [1st Dist.] 1976, writ ref’d n.r.e.); (2) the policy itself does not
authorize the owner of the policy to change the beneficiary, Cates, 947 S.W.2d at 614
(citing McNeill v. Chinn, 101 S.W. 465, 467 (Tex. 1907)); or (3) the insured dies. 
Cates, 947 S.W.2d at 614; see Volunteer State Life Ins. v. Hardin, 197 S.W.2d 105,
107 (Tex. 1946) (restating “well settled” rule that no rights to proceeds of life policy
vest in named beneficiary when policy authorizes change of beneficiary). Unless one
of these events occurs to vest the beneficiary’s rights, the insurer may not prevent the
owner of the policy from exercising his right to change the beneficiary. See State
Farm Life Ins. Co. v. Martinez, 174 S.W.3d 772, 781 (Tex. App.—Waco 2005), rev’d
on other grounds, 50 Tex. Sup. Ct. J. 406, 2007 WL 431043 (Tex. Feb. 9, 2007). As
explained below, none of these events occurred to vest any rights in Rotating Services
as a beneficiary of Weightman’s life policy. 
          1.       No Separate Contract Controlled Beneficiary Designation
          This Court’s O’Neill decision, which addressed rights of a beneficiary that
were conferred in a separate agreement incident to a divorce, see O’Neill, 544 S.W.2d
at 743–44, arose under the first condition for rights vested in a beneficiary, as
identified in Cates, 947 S.W.2d at 614. 
          Rotating Services opposed Nationwide’s and the Harris Agency’s motion for
summary judgment based in part on the affidavit of Leal, who became Rotating
Services’ principal in summer 1998. Leal stated in her affidavit that Weightman
notified her “in writing that he intended to change the beneficiary status of the life
policy to my company, Rotating Services, Inc.” Leal attached to her affidavit “a true
and correct copy” of correspondence dated July 13, 1998, signed by Weightman, and
directed “to whom it may concern,” which states, 
I, Kent A. Weightman, hereby I’m [sic] changing Beneficiary on my
policy # L032876420 from Michael Fruger to Nelda Leal’s new
company Rotating Services Industries. Let this document serve as my
good faith to the company. In case of my death, the company can hire
someone to continue my work and also pay up on some debts that I owe
the company. 

          Unlike in O’Neill, this correspondence did not constitute a “separate contract”
that vested rights to the proceeds of Weightman’s policy in Rotating Service. Though
it recites Weightman’s stated intent, on July 13, 1998, to benefit Rotating Services,
the correspondence does not confer a permanent, “irrevocable” designation of
Rotating Services as a beneficiary under the life policy, because the correspondence
neither reflects nor suggests that Weightman also decided to surrender his undisputed
right, expressly conferred by the terms of the policy, to change beneficiaries in the
future. Accordingly, the summary judgment record of this case does not show or
suggest that a separate contract forbade or restricted the rights afforded Weightman,
as insured and owner of the policy, to modify the provisions of the policy that
authorized him to change beneficiaries. Thus, the first condition for rights vested in
a beneficiary does not apply to Rotating Services. See Cates, 947 S.W.2d at 614. 
          2.       Weightman Retained Continuing Right to Change Beneficiaries
          A prohibition stated in the policy, the second possibility under which Rotating
Services could have attained rights as a beneficiary, also does not apply. See id. It
is undisputed that the terms of the policy issued to Weightman recognized his
continuing authority to change policy beneficiaries and that no policy provision
restricts Weightman’s rights as to Rotating Services. Though Weightman identified
Rotating Services as his employer in his application, the policy does not refer to
Rotating Services specifically or provide any restriction that applied or can be
construed as applying any benefit to Rotating Services, as explained more fully
below. 
          3.       No Beneficiary Vested until Weightman Died
          Weightman’s death, the last possible condition under which rights might vest
in a named beneficiary, did not occur until February 19, 2001. See Volunteer State
Life, 197 S.W.2d at 107; Cates, 947 S.W.2d at 614. Until that date, the policy
allowed Weightman to change any beneficiary. Based on the beneficiary designation
in effect on that date, those rights accrued to his widow, to whom Nationwide issued
the proceeds as Weightman’s designated beneficiary. 
B.      Rights of Owner and Insurer Relating to Change of Beneficiary
          The terms of the policy determine not only the right of the owner, Weightman,
to change beneficiaries, but also the right of the insurer, Nationwide, to question the
validity of the owner’s change of beneficiary. See Martinez, 50 Tex. Sup. Ct. J. at
407–08, 2007 WL 431043, at *2 (citing Acts of 1953, 53rd Leg., R.S., ch. 113, 1953
Tex. Gen. Laws 400 (current version at Tex. Ins. Code Ann. 1103.055 (Vernon
Supp. 2006) (subchapter B of chapter 1103, governing designation of beneficiary of
life policy)); Volunteer State Life, 197 S.W.2d at 107; see also Tips v. Sec. Life &
Accident Co., 191 S.W.2d 470, 471–72 (Tex. 1945) (holding that signed change-of-beneficiary forms retained in possession of insured and not transmitted to insurer
before his death did not result in change of beneficiary).
          Martinez, like this case, involved competing claims to the proceeds of a life
policy, the terms of which required that a request for a change of beneficiary be
written “in a form acceptable” to the insurer. Martinez, 50 Tex. Sup. Ct. J. at 408;
2007 WL 431043, at *2. Because the insured in Martinez used State Farm’s “own
printed form” to change his designated beneficiary, the supreme court reasoned that
State Farm had no reason to reject the change of designation as “unacceptable” for
reasons of form, despite “valid concerns” that payment of the policy proceeds might
violate provisions of the insured’s divorce decree. See id. On “substantial
compliance” with the requirements stated in the policy for beneficiary changes,
therefore, the insurer must honor the request and effect the change. See Stewart v.
Mut. Ben. Life Ins. Co., 522 S.W.2d 257, 260 (Tex. Civ. App.—Amarillo 1975, writ
ref’d n.r.e.) (rejecting contention that policy language, requiring that request be
“satisfactory” to insurer, created express condition that insurer consent to request)). 
          The life policy at issue in this case contained a similar provision to that
construed in Martinez and required that “any change [of beneficiary] must be in a
written form satisfactory to [Nationwide].” See Martinez, 50 Tex. Sup. Ct. J. at 408;
2007 WL 431043, at *2. In addition, and in contrast to the life policy in Martinez,
see id., the policy here required that any change be “recorded” at the Nationwide
home office. In further contrast to Martinez, the original beneficiary named in this
case was designated an “irrevocable” beneficiary. 
          Rotating Services argues that the change-of-beneficiary form that Weightman
signed on October 29, 1998 to designate Rotating Services a beneficiary (the 1998
change) was in substantial compliance with Nationwide’s requirements, that
Nationwide accepted Weightman’s form, or, alternatively, that Nationwide had no
basis on which to reject it. Rotating Services relies on the Court’s opinion in
Gladding v. Prudential Ins. Co. of Am., 521 S.W.2d 736, 739 (Tex. Civ.
App.—Houston [1st Dist.] 1975, writ ref’d n.r.e.), which upheld a change-of-beneficiary designation on grounds of substantial compliance. Rotating Services’
contentions, however, are not material to the outcome of this case. See Collins v.
Guinn, 102 S.W.3d 825, 834 (Tex. App.—Texarkana 2003, pet. denied) (describing
“material” fact that will preclude summary judgment as one that will affect outcome
under substantive law); Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 433 (Tex.
App.—Houston [14th Dist.] 1999, no pet.) (decided under Tex. Civ. P. 166a(i)
(describing material fact issue as “genuine” only if reasonable jury could find in favor
of nonmoving party based on that fact). 
          The only summary judgment evidence of Weightman’s October 1998 change
is the single-page change-of-beneficiary form that he signed and Leal witnessed. 
Rotating Services contends that Nationwide accepted this change by emphasizing that
the face of this form contains a captioned, preprinted rectangle in which the signature
of the Nationwide corporate secretary appears. The caption within this rectangle
states, “FOR HOME OFFICE USE ONLY” and “Agreed to for Nationwide Life
Insurance Company.” Rotating Services relies on this signature, which appears to be
preprinted on the form, to support its contention that Nationwide accepted
Weightman’s October 1998 change of beneficiary. Blanks within the captioned box,
marked “Attest” and “Date,” however, are blank. Moreover, in contrast to the
“Beneficiary Report” that Nationwide issued to Weightman on August 15, 2000,
Nationwide did not confirm any change of beneficiary in favor of Rotating Services. 
Rotating Services’ summary-judgment evidence does not, therefore, demonstrate or
suggest that Nationwide accepted and recorded Weightman’s January 1998 change,
as required by the policy provisions. To the contrary, on January 31, 2000,
Nationwide had notified and instructed Weightman, as insured and undisputed owner
of the policy, that both his signature and the signature of Fruger, the previously
designated irrevocable beneficiary, were required to accomplish a change of
beneficiary from Fruger. 
          Regardless, the summary-judgment evidence conclusively establishes that
Nationwide not only accepted and recorded, but also confirmed the change-of-beneficiary designation that Weightman executed on July 27, 2000, to change the
beneficiary from Fruger, as “irrevocable” beneficiary, to Weightman’s wife, as
beneficiary, and his children, as contingent beneficiaries. Nationwide did not accept
the 1998 change and did not record it, on the grounds that the signature of Fruger,
who at that time was the sole, irrevocable beneficiary, was missing. But, even if
Nationwide had deemed the 1998 change-of-beneficiary acceptable and had also
recorded that change, Weightman still retained the right, as owner of the life policy
and pursuant to the policy’s “Owner and Beneficiary” provisions, to change the
beneficiary yet again in July 2000. 
          We conclude that Rotating Services had no vested rights to the policy proceeds
and that Weightman’s alleged compliance with the policy’s change-of-beneficiary
requirements in 1998 is immaterial, because Weightman later exercised his right as
owner of the policy to change his designated beneficiary. Accordingly, we consider
and apply these determinations as we below whether Nationwide and Harris
conclusively established their right to summary judgment as a matter of law on
Rotating Services’ causes of action. 
C.      Contract-Related Claims
          Rotating Services is not a party to the insurance contract, which arose only
between Weightman and Nationwide, see Hernandez, 875 S.W.2d at 692, and which
Nationwide enforced in accordance with the beneficiary designation that vested upon
Weightman’s death. Accordingly, Rotating Services did not become a party to the
insurance contract, with rights to enforce it, solely by virtue of Leal’s having
witnessed the 1998 change-of-beneficiary form in which Weightman attempted, but
failed, to change his then-designated beneficiary, Fruger, to Rotating Services. And
as shown above, Rotating Services never attained vested rights to the policy proceeds. 
See Volunteer State Life, 197 S.W.2d at 107; Cates, 947 S.W.2d at 614. 
          Rotating Services nonetheless contends that Nationwide and Harris breached
contractually based duties owed to Rotations Services because (1) Nationwide
improperly rejected Weightman’s 1998 change-of-beneficiary form, (2) Rotating
Services was a third-party beneficiary to the contract of insurance, and (3)
Weightman intended to benefit Rotating Services through the 1998 change of
beneficiary. 
          1.       Wrongful Rejection of 1998 Change of Beneficiary?
          As shown above, the summary judgment record shows that Nationwide rejected
Weightman’s 1998 attempt to change the beneficiary of the policy from Fruger, his
previously designated, irrevocable beneficiary, to Rotating Services because the
change-of-beneficiary form that would have accomplished that change did not show
that Fruger consented to the change. The summary judgment record also shows that
Nationwide rejected the attempted 1998 change pursuant to the provisions of its
insurance contract with Weightman and, therefore, that Fruger remained the
irrevocable beneficiary until Weightman changed that designation with Fruger’s
consent. The summary judgment record thus fails to raise a genuine issue of material
fact to support Rotating Services’ claim that Nationwide or Harris breached any
contractually based duty to Rotating Services when it rejected Weightman’s
attempted change of beneficiary in 1998. 
          2.       Rotating Services a Third-Party Beneficiary?
          Nationwide and the Harris Agency also negated any benefit owed to Rotating
Services as a third-party beneficiary of the contract between Weightman and
Nationwide. One who is not a party to a contract, but who might receive an
incidental benefit from the contract as a third party, cannot rely on the possibility of
benefit as a basis on which to enforce the contract. MCI Telecomms. Corp. v. Tex.
Utils. Elec. Co., 995 S.W.2d 647, 651 (Tex. 1999). Because Weightman owned the
policy and retained the right to designate his beneficiary under the policy provisions,
any change of beneficiary in favor of Rotating Services necessarily created only the
possibility of future benefit. See id. Rotating Services could recover on the insurance
policy on Weightman’s life only if (1) Weightman and Nationwide intended to secure
a benefit to the Rotating Services and (2) Weightman and Nationwide entered into the
contract directly for the benefit of the Rotating Services. See id. 
          Nationwide’s and the Harris Agency’s summary judgment evidence
conclusively established that (1) Weightman did not enter its contract of insurance
with Nationwide for the benefit of Rotating Services, but for the benefit of
Weightman’s then-named beneficiary, Fruger, and (2) regardless of whether
Weightman substantially complied with the change-of-beneficiary provisions of the
policy and whether Nationwide accepted the 1998 change, any intent to secure a
benefit to Rotating Services that may have arisen through that change was destroyed
when Weightman changed his beneficiary designation in 2000, with the required
consent of Fruger, and Nationwide accepted and recorded that change. 
          3.       Intent to Benefit Rotating Services?
          Rotating Services also opposed Nationwide’s and the Harris Agency’s motion
for summary judgment based on the affidavit of Leal, who was Rotating Services’
principal when Weightman died. Through her affidavit, Leal relied on a July 13,
1998 statement by Weightman, in which he recorded his intent to change the
beneficiary of his policy from the designated, “irrevocable” beneficiary, Fruger, to
Rotating Services, Inc. As addressed above, nothing in Weightman’s “to whom it
may concern” correspondence suggests that it operated to confer a permanent,
“irrevocable” designation of Rotating Services as beneficiary under the life policy,
because Weightman did not also surrender, and thus modify, the right conferred by
the policy to change beneficiaries in the future. Because Weightman retained his
right under the policy to change beneficiaries, any benefit inuring to Rotating
Services remained a mere possibility and thus did not give rise to a material issue of
fact concerning Rotating Services’ status as a third-party beneficiary. See MCI
Telecomms Corp., 995 S.W.2d at 651. The same reasoning applies to Rotating
Services’ summary judgment evidence that it voluntarily paid policy premiums or
contacted the Harris Agency concerning the policy. 
          We therefore hold that Nationwide and the Harris Agency established their
right to traditional summary judgment on Rotating Services claims for breach of
contract. 
E.      “Forgery” and “Incapacity” Allegations Not Dispositive
          Leal also averred in her affidavit that Weightman suffered a “debilitating
stroke” in November 1999 that rendered him “unable to talk or write.” Rotating
Services contends that Weightman’s signature on the 2000 change-of-beneficiary
form is necessarily forged as a result, that Weightman lacked capacity to make the
2000 change, and, therefore, that fact issues arise concerning the change-of-beneficiary form that Weightman signed on July 27, 2000. 
          Even if true, Leal’s allegations do not give rise to material fact issues
concerning Rotation Services’ right to the proceeds of Weightman’s life policy. 
Leal’s allegations would attain materiality only if we assume that Weightman’s 1998
attempt to change his beneficiary was valid—a contention that we have already
rejected. Consequently, establishing either that Weightman lacked capacity or that
the 2000 change-of-beneficiary form were forged would not result in any benefit to
Rotating Services. Instead, Weightman’s original designation of Fruger as
irrevocable beneficiary would remain unchanged. Rotating Services challenges to
Weightman’s signature and his capacity are thus immaterial to this lawsuit and raise
no triable issues of material fact. 
G.      Rotating Services was Not a DTPA Consumer
          The summary judgment record conclusively establishes that, despite claims that
it paid Weightman’s premiums, Rotating Services’ only relationship to the insurance
contract between Weightman and Nationwide was as a potential, but failed,
beneficiary of the $100,000 life proceeds. Settled Texas law recognizes that a party
whose only relation to an insurance policy is to seek policy proceeds is not a
“consumer.” Transp. Ins. Co. v. Faircloth, 898 S.W.2d 269, 274 (Tex. 1995) (citing
English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983)). 
          The trial court properly rendered traditional summary judgment in favor of
Nationwide and the Harris Agency on Rotating Services’ DTPA claims.
H.      No Duty Owed to Rotating Services
          Nationwide and the Harris Agency moved for traditional summary judgment
on Rotating Services’ negligence claim on the grounds that it owed no duty to
Rotating Services as a matter of law. See Mission Petroleum Carriers, Inc. v.
Solomon, 106 S.W.3d 705, 710 (Tex. 2003) (enumerating elements of negligence
claim and stating that whether duty owed is question of law). In response, Rotating
Services argued that Nationwide “should have accepted” the 1998 change of
beneficiary and should have paid the benefits to Rotating Services instead of to
Weightman’s widow. Nationwide and the Harris Agency replied that Rotating
Services’ “negligence” claims were all premised on alleged contractual duties owed 
or alleged DTPA violations. See Southwestern Bell Tel. Co. v. De Lanney, 809
S.W.2d 493, 494 (Tex. 1991) (clarifying that negligence claim premised solely on
alleged breach of contract, with loss measured by subject matter of contract, sounds
in contract and does not give rise to tort action). We agree, and therefore hold, that
the trial court properly rendered traditional summary judgment in favor of Nationwide
and the Harris Agency on Rotating Services’ negligence claims.
I.       Estoppel to Deny Coverage, Waiver, and Reliance
          After Nationwide and Harris filed their second reply to Rotating Services’
response to their motion for summary judgment, Rotating Services filed an amended
pleading claiming that Nationwide was estopped to deny benefits and had waived any
right to deny paying the policy proceeds to Rotating Services, and that Rotating
Services had relied to its detriment on future payment of the proceeds of the policy. 
Nationwide and the Harris Agency did not file an amended motion for summary
judgment to address these claims. 
          A defendant who does not amend or supplement its motion for summary
judgment to address claims asserted in a plaintiff’s amended pleading is generally not
entitled to a summary judgment on the plaintiff’s entire case. See Blancett v.
Lagniappe Ventures, Inc., 177 S.W.3d 584, 592 (Tex. App.—Houston [1st Dist]
2005, no pet.); Smith v. Atl. Richfield Co., 927 S.W.2d 85, 88 (Tex. App.—Houston
[1st Dist.] 1996, writ denied). The portion of a final summary judgment rendered on
the plaintiff’s entire case under these circumstances must generally be reversed
because the judgment grants more relief than requested. See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 200 (Tex. 2001); Blancett, 177 S.W.3d at 592; Postive Feed,
Inc. v. Guthmann, 4 S.W.3d 879, 881 (Tex. App.—Houston [1st Dist.] 1999, no pet.);
see also McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993)
(“A motion [for summary judgment] must stand or fall on the grounds expressly
presented in the motion.”). 
          An amended or supplemental motion for summary judgment is not always
necessary, however, when the amended petition essentially reiterates previously
pleaded causes of action. See Fraud-Tech, Inc. v. Choicepoint, Inc., 102 S.W.3d 366,
387 (Tex. App.—Fort Worth 2003, pet. denied). Summary judgment may also be
proper when a ground asserted in a motion for summary judgment conclusively
negates a common element of the newly and previously pleaded claims, see Blancett,
177 S.W.3d at 592, or when the original motion is broad enough to encompass the
newly asserted claims. See Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663,
671–72 (Tex. App.—Houston [1st Dist.] 1996, no writ); Judwin Props., Inc. v. Griggs
& Harrison, 911 S.W.2d 498, 502 (Tex. App.—Houston [1st Dist.] 1995, no writ). 
          Settled Texas law precludes a party from invoking estoppel to create insurance
coverage where none exists under the terms of the policy. See Tex. Farmers Ins. Co.
v. McGuire, 744 S.W.2d 601, 602-03 (Tex. 1988). Nationwide and Harris established
as a matter of law, through their motion for traditional summary judgment, that
Rotating Services was not entitled to the proceeds of the Weightman policy. That
conclusion necessarily compels an additional conclusion—that the policy provided
no coverage to Rotating Services. Under the circumstances demonstrated by the
summary judgment record in this case, Rotating Services’ waiver, estoppel and
reliance claims are but alternative statements of its previously asserted claims to the
policy proceeds. 
          By establishing that Rotating Services was not entitled to the proceeds of the
Weightman policy as a matter of law, Nationwide and Harris necessarily established,
in addition, that the policy provided no coverage to Rotating Services as a beneficiary
of the proceeds and therefore established, in addition, that Rotating Services could
not assert either estoppel, waiver, or reliance as a basis for seeking the policy
proceeds. See id. Nationwide’s and Harris’s motion was thus sufficient to defeat
those claims without the need to file an additional motion for summary judgment. 
Farah, 927 S.W.2d at 671–72; Judwin Props., Inc., 911 S.W.2d at 502. 
          We overrule Rotating Services’ sole issue.
Conclusion
          We hold that the trial court properly rendered traditional summary judgment
in favor of Nationwide and the Harris Agency and, therefore, we need not address
Rotating Services’ contentions that challenge the summary judgment on “no
evidence” grounds.
          We affirm the judgment of the trial court.



                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.