Anna Lois O'NEILL, Appellant,

v.

CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Appellee.

No. 16758.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 24, 1976.

Rehearing Denied Dec. 30, 1976.

Davidson, Gray & Brimble, Michael T. Brimble, Houston, for appellant.

Kenneth J. Douglas, Houston, for appellee.

COLEMAN, Chief Justice.

This suit grew out of a bill of interpleader filed by the Connecticut Mutual Life Insurance Company to determine the ownership of the proceeds of certain life insurance policies which it had issued on the life of William C. O'Neill. The insurance company was dismissed from the case with its attorney's fee and costs. The case was tried to the court without a jury and at its conclusion the trial court entered judgment establishing a trust in the proceeds of the various insurance policies in favor of the three children of William Clark O'Neill and Beverly O'Neill, his divorced wife, thereby finding that Anna Lois O'Neill, the wife of William Clark O'Neill at the time of his death, and the named beneficiary of the insurance policies, had no interest in the policies, or the proceeds thereof.

The first point raised by Anna Lois O'Neill is that the court erred in not awarding the entire proceeds of the insurance policies to her. This point is somewhat duplicitous because appellant then states four reasons why the court erred. Each of these reasons will be considered as a separate point of error.

As her second point of error Mrs. O'Neill asserts that the court erred in his rulings on the evidence and his construction of the divorce decree between William Clark O'Neill and Beverly O'Neill and thus denied

appellant a fair trial. This point is made more specific by five sub-points, which we will consider as separate points of error.

At the time of the death of William Clark O'Neill there were in force with the Connecticut Mutual Life Insurance Company five policies of insurance on his life naming Anna Lois O'Neill as beneficiary. The proceeds of these policies amounted to approximately $46,000.00. These policies had been purchased during the marriage of William O'Neill and Beverly Lee O'Neill prior to a divorce between those parties. The divorce decree, which was signed March 6, 1973, recites that "Five (5) insurance policies with Connecticut Mutual Insurance Company . . . with Mr. O'Neill as named insured, shall be changed to make the minor children of the marriage beneficiaries; provided, that Mr. O'Neill shall be listed as owner of said policies and shall pay the premiums on said insurance."

Copies of the policies issued by the insurance company are attached to the company's interpleader, and show that at the time the policy No. 2,668,173 in the principal sum of $25,000.00 was issued Beverly O'Neill was named as owner. On November 9, 1973, William O'Neill signed a change of beneficiary form whereby he requested that the primary beneficiary be changed from Beverly L. O'Neill to Anna Lois O'Neill. This form was applicable to all five of the policies.

Mrs. Beverly O'Neill testified that she married William Clark O'Neill on February 15, 1951, and that on December 18, 1972, the trial of the divorce action began. At that time she and Mr. O'Neill had three living children, two of which were under the age of eighteen years. Kathleen Doris O'Neill was seventeen years of age, Kyle Edward O'Neill was sixteen years of age, and Kevin O'Neill was twenty years of age. Kathleen O'Neill reached the age of eighteen years after the trial began and the judgment of divorce was announced but before the decree was signed. All of the children had reached the age of eighteen years at the time of the death of Mr. O'Neill.

Mrs. O'Neill testified that during the trial of the divorce case Mr. O'Neill told her that he did not intend to remove the children as beneficiaries so long as he had those policies in force. She stated that in connection with that statement she decided to turn the ownership of the policies back to Mr. O'Neill on the understanding that the policies would be kept in force for the children, and that she subsequently did sign over the policies. She also testified that at the time of the divorce the policies had little or no cash value. She testified that she made her decision to transfer the policies to her husband at the time of the divorce because she wanted the children to have the benefit of the policies. It was her intention that Kevin be named a beneficiary in the policies.

A plaintiff, Kyle O'Neill, testified that while he was still a minor and after his mother and father had obtained their divorce he lived with his father and Mrs. Anna O'Neill for a brief time. He said that Mrs. Anna O'Neill told him that the insurance policies in controversy belonged to the three children. She further offered to purchase his interest in the policies. This occurred sometime between October of 1973 and January or February of 1974. At that time he was working and was talking to his father about insurance. His father brought out the policies and showed them to him, and Mrs. Anna O'Neill told him, with his father's consent, "if you can sign these over to your father we can give you an automobile, and he can do with them what he will, and he will be able to get you an automobile and send you to school and other things, new clothing."

The following language appears in the divorce decree relating to a property settlement between the parties:

"And it appearing to the Court that the parties have agreed on a division of their remaining property, the Court makes no adjudication with respect to the same except to approve said division as follows:

"1. The Plaintiff, William Clark O'Neill, shall have   .   .   .

"2. The Defendant, Beverly Lee O'Neill, shall have   .   .   .

"It further appearing to the Court that certain community assets have been set aside for the use and benefit of the minor children of the marriage it is ordered that said assets be set aside for the use and benefit of said minor children as follows:

"1. . . .

"2. . . .

"3. Five (5) insurance policies with Connecticut Mutual Insurance Company and one insurance policy with American General insurance Company now in force, with Mr. O'Neill as named insured, shall be changed to make the minor children of the marriage beneficiaries; provided, that Mr. O'Neill shall be listed as owner of said policies and shall pay the premiums on said insurance."

On the 19th Day of February, 1976, the trial court signed and entered his judgment in this cause. In the judgment the trial court recited:

"The trial court, having considered the pleadings, evidence and arguments of counsel, finds that a constructive trust should be impressed upon the insurance proceeds in question based upon a divorce decree between the decedent, William Clark O'Neill, and Beverly O'Neill, awarding the insurance policies in question to the minor children of that marriage. The Defendant Cross-Plaintiff, Kyle O'Neill, was the only minor child at the time the above stated divorce decree was entered and the Court finds that on the basis of that divorce decree a constructive trust should be impressed upon the insurance proceeds in question in favor of the Defendants and Cross-Plaintiffs, Kyle O'Neill, Kathleen O'Neill and Kevin O'Neill."

The judgment which was entered in the divorce suit contained a recitation that the parties had agreed on a division of certain properties. The language appearing in that decree that "certain community assets have been set aside for the use and benefit of the minor children" makes it appear that the insurance policies were the subject of an agreement between Mr. O'Neill and Mrs. Beverly O'Neill. Mrs. Beverly O'Neill's testimony is sufficient to establish that the agreement between the parties was that she would sign over the ownership of the policies to her husband and in return he would agree to keep the policies in force for the three children of the marriage. That this was the nature of the agreement is supported to some extent by the testimony of Kevin O'Neill. A parol agreement supported by consideration whereby the owner of an insurance policy agrees to designate and maintain another as a beneficiary of an insurance policy will be enforced even though the owner of the policy violates the agreement by changing the beneficiary in accordance with the rules of the insurance company. *Locomotive Engineers' Mutual Life & Accident Ins. Ass'n v. Waterhouse*, 257 S.W. 304 (Tex.Civ.App., El Paso 1923, writ ref.). *Leal v. Leal*, 401 S.W.2d 293 (Tex.Civ.App., San Antonio 1966, no writ history); *Box v. Southern Farm Bureau Life Insurance Co.*, 526 S.W.2d 787 (Tex.Civ.App., Corpus Christi 1975, writ ref. n.r.e.).

The duty of construing the agreement between Mr. O'Neill and Beverly O'Neill rested on the trial court. He was not bound by that portion of the divorce decree approving the agreement previously reached by the parties. It was his duty to find the real agreement between the parties and the language of the divorce decree was properly considered by him in determining the intent of the parties. The fact that the children were no longer minors at the time of Mr. O'Neill's death, and that his duty to support his children terminated when they reached respectively the age of eighteen years does not require a judgment different from that rendered by the trial court. *Box v. Southern Farm Bureau Life Ins. Co., supra.*

Appellant contends that the trial court erred in admitting into evidence a transcript of the testimony taken in the divorce proceeding between William Clark O'Neill and Beverly O'Neill. There may be a question as to whether or not this official transcript of the testimony in the divorce case in Cause No. 911,234 in the Juvenile Court

of Harris County, Texas, was admissible. The transcript shows that the court discussed with the parties a possible community property settlement and asked them to agree on a division if it were possible. During this discussion Mr. O'Neill told the court that the policies were in his wife's name and that he could not change the beneficiaries until she signed them over to him and that Mrs. O'Neill stated she was primarily interested in having them kept in force "for the children" and that she was perfectly willing to sign them over if he would keep them in force for the children and not "change the beneficiary from them." Mr. O'Neill also told the court "I do not intend to remove my children as beneficiaries as long as I have those policies in force." The court stated there was a $300.00 cash surrender value but he would let that remain community property.

■ As a general rule statements received in evidence at a previous judicial proceeding may be admitted upon a subsequent trial as evidence of the truth of such statements where the witness who gave the evidence upon the former hearing is now dead or unavailable, provided the party against whom the evidence is now offered (or someone else claiming under the same right or title) had the opportunity to cross-examine the witness at the former trial upon the same issue as that upon which the evidence is now offered. McCormick & Ray, Texas Law of Evidence, Vol. 1, Sec. 941. The question in this case does not come precisely within the rule quoted. Mrs. Anna O'Neill is claiming in this case under a right given to her by William O'Neill in violation of an agreement made with Beverly O'Neill in open court. The question in this case is whether or not Mr. O'Neill made the statements attributed to him. The official court reporter verified the accuracy of the statement of facts. The trial court did not err in admitting the statements. See *Maryland Casualty Co. v. Lee,* 165 S.W.2d 135 (Tex.Civ.App., Galveston 1942, writ ref.); *Bartlett v. Kansas City Public Service Co.,* 349 Mo. 13, 160 S.W.2d 740 (Div. 1, 1942).

■ The trial court refused to admit into evidence certain business records maintained by Connecticut Mutual with reference to the policies of insurance. The court also refused to allow Anna O'Neill to produce evidence concerning the outstanding debts of William O'Neill. These matters were entirely irrelevant to the issues before the court and there was no error in excluding the evidence.

The judgment is affirmed.