

NUMBER 13-14-00155-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FELIPE LOZANO MANZO,                                    Appellant,

v.

LONE STAR NATIONAL BANK,                                    Appellee.

### On appeal from the County Court at Law No. 5
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria**
**Memorandum Opinion by Justice Longoria**

By one issue, which we address as two, appellant Felipe Lozano Manzo argues

that the trial court erred by rendering summary judgment for appellee Lone Star National

Bank ("LSNB"), and that the court abused its discretion by denying appellant's motion for

a new trial.  We affirm.

## I. BACKGROUND

On November 10, 2010, appellant executed a note in favor of LSNB in the amount of $50,000 ("November 10 Note").  Appellant pledged as collateral certificates of deposit (CDs) worth at least $162,000.  Appellant had used these same CDs as collateral for other loans from LSNB that were still outstanding.  One year later, LSNB decided to accelerate all of appellant's loans.  After offsetting the amount due on the November 10 Note with the CDs, LSNB calculated that $12,332.74 remained due.  LSNB filed suit to recover that sum and reasonable attorneys' fees as provided for in the November 10 Note.

Approximately three months later, LSNB moved for traditional summary judgment. *See* TEX. R. CIV. P. 166a(c).  Appellant answered and counterclaimed for fraud, breach of contract, and other related claims.  The trial court granted LSNB's motion for summary judgment, and later granted LSNB's motion to sever appellant's counterclaims into a separate cause number.  Appellant filed a motion for new trial challenging the summary judgment on LSNB's original claim.  The trial court denied the motion for new trial following a hearing, and this appeal followed.[1]

---

[1] Appellant filed his motion for new trial under the new cause number intended for the severed counterclaims.  The Texas Supreme Court held in *Philbrook v. Berry* that a motion for new trial filed under the wrong cause number "did not operate to extend the court's plenary power over its judgment beyond the thirty days."  683 S.W.2d 378, 379 (Tex. 1985).  However, this Court recently recognized that "the Texas Supreme Court has all but expressly overruled the [*Philbrook*] decision" and held that a motion for new trial filed under the wrong cause number extended the trial court's plenary power, thereby making timely a notice of appeal also filed under the wrong cause number.  *Jones v. Tummel*, No. 13-13-00668-CV, 2014 WL 2937011, at *2 (Tex. App.—Corpus Christi June 26, 2014, no pet.) (mem. op., per curiam) (citing *Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, no pet.)).  In this case, as in *Jones*, appellant's motion for new trial was timely filed but under the wrong cause number, caused no confusion to either the parties or the trial court, and, based on the record presented, was a "bona fide attempt[] to invoke appellate jurisdiction." *See id.*  We therefore conclude that appellant's notice of appeal, also filed under the wrong cause number, was timely filed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Where, as here, the trial court did not specify the grounds on which it granted summary judgment, we will affirm if any of the grounds asserted in the motion are meritorious. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). The moving party has the burden to show both that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Knott*, 128 S.W.3d at 216.

We take as true all evidence that is favorable to the respondent, and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Once the movant shows that it is entitled to summary judgment, the burden shifts to the respondent to avoid summary judgment by producing evidence that raises a genuine issue of material fact. *Rotating Servs. Indus., Inc. v. Harris*, 245 S.W.3d 476, 487 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

A plaintiff seeking to collect on a promissory note must establish: (1) the existence of a note; (2) the plaintiff is the legal owner and holder; (3) the defendant is the maker; and (4) a certain balance is "due and owing." *Alphaville Ventures, Inc. v. First Bank*, 429 S.W.3d 150, 152 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We employ the same rules for interpreting a note as we use for interpreting a contract. *EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 413 (Tex. App.—Austin 2005, pet. denied).

### III. Summary Judgment

In his first issue, appellant asserts that he concluded a subsequent oral agreement with representatives of LSNB where LSNB agreed that it would not seek to collect the full balance due, meaning that there is a genuine issue of material fact regarding the amount "due and owing" on the note.[2]  *See Alphaville Ventures,* 429 S.W.3d at 152.  LSNB responds that even if such an agreement existed, appellant's argument is foreclosed by the following provision in the text of the November 10 Note:

> THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBEQUENT, ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

LSNB reasons that summary judgment was appropriate in light of this provision.  We agree.

Courts will enforce an unambiguous contract as written, and parol evidence will not be received to create an ambiguity or "or to give the contract a meaning different from that which its language imports."  *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) (per curiam).  Appellant does not argue that the language of the November 10 Note is ambiguous, so we must construe the language as it is written.  *See id.*  The language that we reproduced above expressly provides that the provisions of the note

---

[2] As the party challenging summary judgment on appeal, appellant has the burden to bring forth a record sufficient to allow the Court to review the basis of his claim for harmful error.  *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam).  The record originally did not contain LSNB's motion for summary judgment or appellant's written response.  Appellant attached those documents to his appellate brief as appendixes, but we may not consider documents in appendixes that are not also in the appellate record.  *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.); *Jarvis v. Feild*, 327 S.W.3d 918, 932 n.4 (Tex. App.—Corpus Christi 2010, no pet.).  LSNB urged us to overrule appellant's issues on the grounds that he did not bring forth a sufficient record, but we opted instead to order the trial court clerk to supplement the appellate record with the foregoing items, which it did.  *See* Tex. R. App. P. 34.5(c).

may not be modified by evidence of the alleged subsequent oral agreement that appellant relies on to raise a genuine issue of material fact. *See id.*; *see also Shin v. Sharif*, No. 02-08-00347-CV, 2009 WL 1565028, at *4 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (holding that appellant could not use evidence of an subsequent oral agreement or alteration to modify the terms of a guaranty agreement containing similar language). Appellant cannot use evidence of an alleged subsequent oral agreement to raise a genuine issue of fact on the amount "due and owing" on the note. We accordingly hold that the trial court did not err in granting summary judgment to LSNB. *See* TEX. R. CIV. P. 166a(c); *Harris*, 245 S.W.3d at 487. We overrule appellant's first issue.

## IV. APPELLANT'S MOTION FOR NEW TRIAL

By his second issue, appellant asserts the trial court erred by denying his motion for new trial because he produced newly discovered evidence that raised a genuine issue of material fact on the elements of LSNB's claim.

A party seeking a new trial based on newly discovered evidence must demonstrate to the trial court that: (1) the evidence came to the defendant's knowledge after the trial; (2) the delay in discovering the evidence was not due to the defendant's lack of due diligence; (3) the new evidence is not cumulative; and (4) the new evidence is so material that it would probably produce a different result if the court granted a new trial. *Lopez v. Lopez*, 55 S.W.3d 194, 202 (Tex. App.—Corpus Christi 2001, no pet.) (citing *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983)). The trial court has broad discretion in ruling on a motion for new trial, and we will not disturb its ruling absent a showing of abuse of discretion. *Id.*; *see also Roberts v. Roper*, 373 S.W.3d 227, 236 (Tex. App.—Dallas 2012, no pet.).

5

Following the trial court's entry of summary judgment, appellant took the deposition of Brian Disque, a vice president of LSNB, in a different case.[3]  Appellant asserts that Disque made a long list of statements[4] on "controverted fact issues that are relevant to

---

[3] Lozano deposed Disque on September 25, 2013, in a case styled *Lone Star National Bank v. Rio Grande Valley Trucks & Equipment, Inc., Servicios De Despacho Aduanera De Reynosa, S.A. de C.V., Felipe Lozano Manzo and Ana Lozano A/K/A Ana Lourdes S. De Lozano*, Nos. CL-12-3643-B, CL-12-3642-E, (pending in Co. Ct. at Law No. 2, Hidalgo County, Tex.).

[4] According to appellant, Disque made the following admissions during his deposition testimony, which we reproduce in full from appellant's brief:

1. Admitted, that all bank notes arise from the same long-term commercial banking relationship;

2. Admitted that previously, and for many years, the bank notes would expire and be renewed without a problem;

3. Admitted that the alleged breach was for appellant's failure to provide financial information, even though, no written demands were ever made for such documentation;

4. Admitted that the bank did not send out written notices of default;

5. Admitted that the bank did not provide notice nor an opportunity to cure;

6. Admitted that all notices were done via phone call;

7. Admitted that while the bank does make oral agreements with appellant (making him believe the loans would continue and induced appellant to rely on such representations), such oral agreements are not treated as binding documents or binding agreements by the bank;

8. Admitted the bank did not send written notice of a demand for collateral;

9. Admitted the bank did not send written requests for payments;

10. Admitted [the] bank did not send written notices, because Mr. Disque made personal phone calls addressing such issues;

11. Admitted that appellant and appellee had a good, long-term standing business relationship [and] that phone calls would suffice between the parties;

12. Admitted, that with all other of the bank's customers, the bank usually sends out all of the notices via written form to their clients;

13. Admitted to taking appellee to McAllen Country Club for a lunch meeting but does not remember, he did not know about the substance of the conversation as alleged by appellant.

6

the elements of the cause of action" in this case. However, appellant did not address why he failed to take the deposition before the summary judgment was set to be heard or demonstrate that his failure to do so was not the result of his lack of due diligence. *See Lopez*, 55 S.W.3d at 202. Appellant's motion also did not address whether the information gained from the deposition was cumulative or demonstrate that Disque's testimony was so material that it would probably produce a different result if the court granted a new trial. *See id.* Even if we assume for argument's sake that Disque did testify about the existence of a subsequent agreement, appellant's motion did not allege that the written terms of the note were ambiguous. Without an ambiguity, the trial court would have been unable to consider that evidence.[5] *See Haden*, 266 S.W.3d at 450; *see also Sharif*, 2009 WL 1565028, at *4. We accordingly conclude that appellant has not demonstrated that the trial court abused its discretion by denying his motion for a new trial. We overrule appellant's second issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed the
8th day of January, 2015.

---

[5] Appellant's argument is less than clear, and it could be construed as asserting that he and LSNB concluded a novation or an accord and satisfaction. *See Honeycutt v. Billingsley*, 992 S.W.2d 570, 576–77 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining both concepts). However, both of those are affirmative defenses that must be affirmatively pleaded. *See* TEX. R. CIV. P. 94; *Honeycutt*, 992 S.W.2d at 576–77. Appellant did not raise either defense in the trial court and so may not assert those defenses on appeal. *See City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 746 (Tex. App.—Fort Worth 2008, pet. dism'd) (observing that an affirmative defense "must be affirmatively pleaded or it is waived").