**Affirmed and Memorandum Opinion filed June 4, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00395-CV

_____

**BECKY BROUSSARD AND JOSEPH BROUSSARD, Appellants**

**V.**

**TEXAS FARM BUREAU UNDERWRITERS, Appellee**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-08014**

## M E M O R A N D U M   O P I N I O N

In this appeal, the insureds assert the trial court erred in granting summary judgment in favor of an insurance company and declaring that the insurance company owed them no duty to defend or indemnify. We affirm.

### BACKGROUND

Texas Farm Bureau Underwriters (Farm Bureau) issued a homeowner's insurance policy to Becky and Joseph Broussard for their property in Dayton,

Liberty County, Texas. Becky injured an individual while she was operating an all-terrain vehicle (ATV) near another property the couple owned in Polk County. The Broussards reported a claim to Farm Bureau for the accident. On January 16, 2013, the injured individual filed suit against the Broussards (the underlying suit), and the Broussards requested that Farm Bureau defend and indemnify the underlying suit. Farm Bureau provided a defense to the Broussards with a reservation of rights.

At about the same time, Farm Bureau filed the instant declaratory judgment action in Harris County, seeking a declaration that it has no duty to (a) defend or indemnify the Broussards for the underlying suit and (b) make medical payments to the injured plaintiff in the underlying suit. The Broussards answered with a general denial and a counterclaim for a declaration that Farm Bureau owed them both a duty to defend and indemnify and to make medical payments in the injured plaintiff in the underlying suit.

Farm Bureau filed a motion for summary judgment on the coverage. The Broussards responded to the summary judgment and amended their petition to add various counterclaims, including claims for alleged violations of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA). The trial court granted Farm Bureau's motion for summary judgment on the duty to defend and indemnify and make medical payments in the underlying suit, but reserved judgment on the Broussards' counterclaims. Farm Bureau filed another motion for summary judgment on these counterclaims on both traditional and no-evidence grounds.

The trial court ultimately granted Farm Bureau a full and final summary judgment,[1] disposing of all claims and counterclaims and declaring that Farm Bureau had no duty to defend or indemnify the underlying suit. The Broussards filed a motion for new trial.[2] The motion was overruled by operation of law, and this appeal timely followed.

## ANALYSIS

On appeal, the Broussards do not challenge the trial court's summary judgment on their counterclaims, other than the DTPA. And the Broussards do not claim that there was originally coverage for the underlying suit under the insurance policy at issue. Instead, they assert that the trial court erred in declaring that Farm Bureau did not owe a duty to defend or indemnify in the underlying suit or owe them attorney's fees under the DTPA in the instant suit because: (1) Farm Bureau's settlement of the underlying suit operates to collaterally estop Farm Bureau from claiming it did not owe them a duty to defend or indemnify; (2) the doctrine of quasi-estoppel precludes Farm Bureau from claiming it did not owe them any duties in the underlying suit; (3) Farm Bureau's settlement of the underlying suit operates as a judicial admission of Farm Bureau's "obligation and duty to the Broussards in the present suit"; and (4) an award of actual damages is not a requirement for attorney's fees under the DTPA. Effectively, the gravamen of the Broussards' appeal is that when Farm Bureau settled the underlying case, (a) Farm Bureau could no longer challenge coverage in the instant declaratory judgment

---

[1] The trial court initially denied Farm Bureau's summary judgment motion in part. Farm Bureau then filed a motion to reconsider, which the trial court granted and, thereupon entered judgment in favor of Farm Bureau on all of its claims and the Broussards' counterclaims.

[2] The Broussards' motion for new trial raises the same arguments as the Broussards raise on appeal, along with a new allegation that venue was not proper in Harris County. The Broussards had not previously pleaded improper venue and do not urge venue error in this appeal.

action, which (b) rendered the Broussards prevailing parties in this case. We disagree.

We review de novo the trial court's decision to grant a summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). Texas Rule of Civil Procedure 166a(c) provides that a movant is entitled to summary judgment if the summary judgment evidence establishes that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." Tex. R. Civ. P. 166a(c); *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). To the extent the Broussards are appealing from the trial court's denial of their motion for new trial, we review that decision for an abuse of discretion. *See Metro. Transit Auth. v. McChristian*, 449 S.W.3d 846, 854 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *In re R.R.*, 209 S.W.3d 1112, 114 (Tex. 2006) (per curiam)). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1984)).

To be clear, the Broussards' arguments regarding estoppel and judicial admissions spring from Farm Bureau's settlement of the underlying suit, but the suit in which they seek their attorney's fees is this case, which, as noted above, began as Farm Bureau's declaratory judgment action. Indeed, it is undisputed that Farm Bureau, after reserving its rights, provided the Broussards with a defense and ultimately indemnified them in the underlying suit. With these facts in mind, we address the Broussards' grounds for urging reversal of the trial court's judgment in this case.

4

First, insurance coverage cannot be established by estoppel: "The doctrine of estoppel cannot be used to create insurance coverage when none exists by the terms of the policy." *Tex. Farmers Ins. Co. v. McGuire*, 744 S.W.2d 601, 602–03 (Tex. 1988); *see also Metro Allied Ins. Agency, Inc. v. Lin*, 304 S.W3d 830, 836 (Tex. 2009); *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 779, 780 (Tex. 2008). Thus, the Broussards may not rely on estoppel to undermine the trial court's declaration that Farm Bureau owed them no duty to defend or indemnify the underlying suit.

Second, the "judicial admission" the Broussards claim establishes coverage is the following excerpt from Farm Bureau's motion to reconsider the partial denial of its motion for summary judgment:

> Texas Farm Bureau has continued to defend the Broussards and also made an economic decision to settle the claims [in the underlying suit]. That settlement is being completed. Having been fully defended and indemnified from what the Court has already held was not a covered claim, the Broussards have no actual damages to assert against Texas Farm Bureau.

A judicial admission "occurs when an assertion of fact is conclusively established in live pleadings." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). Farm Bureau did not in any way "admit" that it owed a duty to defend or indemnify the Broussards, nor have the Broussards provided any authority for the proposition that such an admission would result in coverage where none exists.[3]

Finally, the Broussards assert that, because Farm Bureau defended and indemnified them in the underlying suit, which is the relief they were requesting in the instant suit, they are "prevailing parties" under the DTPA. "Each consumer

---

[3] We need not, and do not, address whether a judicial admission could create coverage where none exists under an insurance policy.

who prevails shall be awarded court costs and reasonable and necessary attorneys' fees." Tex. Bus. & Comm. Code Ann. § 17.50(d) (West, Westlaw through 3d C. Sess.). But, as discussed above, none of the grounds presented by the Broussards created coverage where none existed, and they have not challenged the trial court's determination that the policy itself precluded coverage of the underlying suit. Indeed, the trial court explicitly ruled against them on all their counterclaims, including their DTPA claim. Thus, they cannot be said to be prevailing parties under the DTPA.[4]

In sum, trial court did not err in granting summary judgment to Farm Bureau. Because the trial court did not err in granting summary judgment, the trial court did not abuse its discretion in denying the Broussards' motion for new trial. We overrule the Broussards' sole appellate issue.

We affirm the trial court's judgment.


/s/         Sharon McCally
Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.

---

[4] The Broussards also assert that Farm Bureau's reservation of rights "does not shield it from the application of estoppel or any other law in the instant case." However, they did not raise this ground in the trial court. *See* Tex. R. Civ. P. 166a(c) (only issues expressly presented to the trial court by written motion, answer or other response may be considered on appeal as grounds for reversal of a summary judgment); Tex. R. App. P. 33.1(a) (to present a complaint for appellate review, record must show complaint was timely made to trial court). Thus, they have failed to preserve error, and we do not address this complaint on appeal.